By the Court.—Sedgwick, Ch. J.
On the affidavits, it must be held that it was understood that each party-should pay the referee’s fees for the proceedings taken by such party, during the proceeding. In June, 1885, the plaintiff: rested without having paid the fees due by him. The amount was $105. In June, 1886, the defendant having taken no proceedings, the plaintiff moved to open the case, to introduce further testimony. The referee refused to grant said motion, unless the plaintiff would pay the fees that had accrued, and which the plaintiff had promised to pay. Thereafter, the plaintiff and defendant consented to close the case. It was submitted. The referee’s report dismissing the complaint, was filed. Before judgment was entered, the motion below was made to set aside the report and vacate the order of reference, on the ground that the conduct of the referee in refusing to re-open the case was improper. The affidavit in support of the motion averred that there had been no understanding that each side should pay the fees during the progress of the case. The determination of the learned judge, that there was such an understanding, should not be reversed.
It may be granted that the referee should not make it a condition of deciding in favor of the plaintiff, that fees due by the latter should be paid, even if the referee would be justified in refusing to hear the motion for non-payment of fees. It does not, however, appear that at the most, the referee’s action was other than erroneous. There may be a question as to whether there was not error. There is no evidence of bad faith, or bias, or corruption. If there were only error, the remedy claimed below of setting aside the report and of vacating the order of reference, was not appropriate, and the learned judge was right in his decision.
Order affirmed with $10 costs.
Freedman and Ingraham, JJ., concurred.